IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CLENTON HENRY, on behalf of himself and others similarly situated, § § § *Plaintiff*, § § v. § § WASHBOYS FULL SERVICE § CARWASH LLC, and HANI SAID § § *Defendants*. § | CIVIL ACTION NO. 21-947 JURY TRIAL DEMANDED COLLECTIVE ACTION |

## COLLECTIVE ACTION COMPLAINT

1. Washboys Full Service Carwash LLC ("Washboys"), a carwash and cleaning service company, operating in and around Baytown, Texas, and Hani Said ("Mr. Said") (collectively hereinafter "Defendants") violated the Fair Labor Standards Act ("FLSA") by forcing Plaintiff Clenton Henry ("Plaintiff") and similarly situated workers, to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2. Plaintiff worked for Defendants as a detailer and was damaged by those illegal policies or practices. In short, Plaintiff was denied the timely overtime compensation he was due under the FLSA. Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former, hourly-paid Carwash Clerks, including detailers, vacuumers/cleaners, cashiers, salesmen and supervisors, to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

1

## I.      JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in Baytown, Texas. 28 U. S. C. § 1391(b)(2).

## II.     THE PARTIES

5. Plaintiff Clenton Henry worked as a detailer for Defendants at one of their Baytown, Texas locations. He regularly worked in excess of 40 hours per week without receiving all the compensation he was due under the FLSA. Plaintiff Clenton Henry's FLSA consent is attached as Exhibit A.

6. The FLSA class of similarly situated employees consists of all current and former, hourly-paid Carwash Clerks, including detailers, cashiers, vacuumers/cleaners, salesmen, and supervisors, who were employed by Defendants during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Washboys Full Service Carwash LLC is a domestic for-profit limited liability company with a principal place of business at 5801 Garth Road, Baytown, Texas 77521, which is engaged in commerce in the United States and is otherwise subject to the FLSA. Washboys employed Plaintiff and Members of the Class within the meaning of the FLSA. Washboys may be served with process by serving its Registered Agent, Hani Said at 5801 Garth Road, Baytown, Texas 77521.

8. Defendant Hani Said is an owner and principal of Defendant Washboys and an individual residing in Texas. Mr. Said, upon information and belief, possessed control over

Washboys' actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated. Mr. Said directly affected employment-related factors such as workplace conditions and/or operations, personnel, and/or compensation, and by doing so regularly transacted within this district. Mr. Said may be served with process at 777 Ourlane Circle, Houston, Texas 77024.

### III. BACKGROUND

9. The preceding paragraphs are incorporated by reference.

10. Defendants operate a carwash and detailing company located in Baytown, Texas. Defendants employ Carwash Clerks, including detailers, cashiers, vacuumers/cleaners, salesmen, and supervisors to service customers and assist with the day-to-day operation of the carwash.

11. Defendants' Carwash Clerks would assist customers and provide interior and exterior car cleaning services. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per week. However, Defendants did not pay their Carwash Clerks one and one-half times their regular rate for all hours in excess of 40 each week. Instead, Defendants only pay/paid their Carwash Clerks straight-time pay (no overtime) for all hours worked. As a result, Defendants failed to properly compensate their employees under the FLSA.

### IV. PLAINTIFF'S INDIVIDUAL ALLEGATIONS

*A. Defendants Failed to Properly Pay Regular and Overtime Compensation.*

12. The preceding paragraphs are incorporated by reference.

13. Plaintiff worked for Defendants as a detailer, where he cleaned, vacuumed, and polished customers' vehicles. During his employment, Plaintiff frequently worked five consecutive days during a workweek. In a workweek, Plaintiff often worked approximately 52 hours or more.

14. During Plaintiff's employment, Defendants paid him an hourly rate for all hours worked in a workweek, and Plaintiff was paid on a biweekly basis. For the hours worked in excess of 40 hours per week, Defendants paid Plaintiff his straight-time rate—rather than one and one-half times his regular hourly rate.

15. The FLSA and applicable regulations require that non-exempt individuals like Plaintiff and Members of the Class receive at least minimum wage for all hours suffered or permitted to work, as well as overtime compensation at a rate of 1.5 times their regularly hourly rate for all hours worked over 40 in a workweek. Defendants should have paid Plaintiff for 40 hours of regular pay and at least 12 hours or more of overtime compensation in a typical week, but Defendants failed to pay Plaintiff that amount.

16. By failing to pay Plaintiff as described above, Defendants have deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

**B.**     ***Defendants Willfully Violated the FLSA.***

17. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. Defendants failed to follow these rules when paying Plaintiff.

18. Defendants have or had a policy and/or practice of not paying their employees for all of the regular time and overtime they worked each week at the proper rate. Defendants should have paid their employees their regular rate for all hours worked, and they should have paid their employees overtime compensation at 1.5 time their regular rates for all hours worked in excess of 40 hours per week.

19. Defendants knew or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

### V.  FLSA COLLECTIVE ACTION ALLEGATIONS UNDER 29 U.S.C. § 216(B)

20. The preceding paragraphs are incorporated by reference.

21. Plaintiff is aware that Defendants' illegal pay policies or practices have been imposed upon Members of the Class. Like Plaintiff, Members of the Class are employed by Defendant as Carwash Clerks, including but not limited to detailers, cashiers, vacuumers/cleaners, salesmen, and supervisors, who performed the same duties as Plaintiff, as described above. As with Plaintiff, Members of the Class frequently worked substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

22. Upon information and belief, the Members of the Class are/were also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

23. Defendants' failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice of Defendants to pay their employees for less than all the overtime hours that such workers are suffered or permitted to work. As such, the Members of the Class are owed additional overtime compensation plus liquidated damages, attorneys' fees, and expenses for precisely the same reasons as Plaintiff.

24. Accordingly, the FLSA collective class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly-paid Carwash Clerks, including detailers, cashiers, vacuumers/cleaners, salesmen, and supervisors, who were employed by Defendants during the three-year period preceding the filing of this complaint.**

25. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

26. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VI.  CAUSES OF ACTION

27. The preceding paragraphs are incorporated by reference.

28. As set forth above, Defendants violated the FLSA with respect to Plaintiff and Members of the FLSA Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to properly compensate for overtime hours, as described above.  29 U.S.C. §§ 206, 207.

29. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked, as well as overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207, 216 (b).

30. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages, including overtime wages.  29 U.S.C. § 216(b).

31. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs.  *Id*.

## VII.  JURY DEMAND

32. Plaintiff demands a jury trial.  Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court enter final judgment against Defendants Washboys Full Service Carwash LLC and Hani Said for:

1. damages for the full amount of unpaid wages due under the FLSA in favor of Plaintiff and Members of the Class;

2. damages for the full amount of unpaid overtime compensation due under the FLSA in favor of Plaintiff and Members of the Class;

3. an amount equal to unpaid wages, including unpaid overtime compensation, as liquidated damages pursuant to 29 U.S.C. § 216 in favor of Plaintiff and Members of the Class;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 24nd of March 2021.              Respectfully submitted,

By: /s/ Robert W. Cowan
   Robert W. Cowan
   Texas Bar No. 24031976
   Katie R. Caminati
   Texas Bar No. 24098079
   BAILEY COWAN HECKAMAN PLLC
   5555 San Felipe St., Suite 900
   Houston, Texas 77056
   Phone: 713-425-7100
   Fax: 713-425-7101
   rcowan@bchlaw.com
   kcaminati@bchlaw.com

   ***Attorneys for Plaintiff***